UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH SOMMERS-WILSON,

    Plaintiff,

v.                                                        Case No. 16-CV-14259
                                                         HON. MARK A. GOLDSMITH

SAMSUNG SDI AMERICA, INC.,

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND WITNESS LIST (Dkt. 49)

This matter is before the Court on Defendant Samsung SDI America Inc.'s ("SDIA") motion for leave of court to amend witness lists to reclassify a witness as an expert (Dkt. 49). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court denies SDIA's motion.

## I. BACKGROUND

SDIA brings this motion seeking to add Tyler Wilson, a technician and analyst at the forensic analysis firm N1 Discovery, as an expert to testify about Plaintiff Beth Sommers-Wilson's computer activities, arguing that his testimony would establish a legitimate non-discriminatory reason why Plaintiff was fired and would undercut her claim for damages. Tyler Wilson was not on SDIA's initial "Lay and Expert Witness List" (Dkt. 19), filed August 11, 2017, nor on its later "Expert Witness List" (Dkt. 20), filed September 6, 2017. The initial scheduling order specified that SDIA's expert witness list was due on September 8, 2017. See Scheduling Order (Dkt. 14). SDIA filed this motion more than ten months later, on July 23, 2018.

1

## II. ANALYSIS

Federal Rule of Civil Procedure 37(c)(1) requires that a Court "exclude a witness from testifying '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) ... unless the failure was substantially justified or is harmless.'" Redmond v. United States, 194 F. Supp. 3d 606, 612 (E.D. Mich. 2016). That rule requires absolute compliance with Rule 26(a); "that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" Id. (quoting Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003)). "'The Advisory Committee Notes to the 1993 Amendments (including Rule 37(c)(1)) strongly suggest [ ] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" Id. (quoting Howe v. City of Akron, 801 F.3d 718, 747 (6th Cir. 2015) (alterations in original). The Court considers five factors when determining whether the late disclosure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Id. at 613 (citing Howe, 801 F.3d at 747-748).

The first factor considered is the surprise to Sommers-Wilson. SDIA claims that there should be little, if any, surprise to Sommers-Wilson because she has known of N1 Discovery's involvement and its findings since at least March 2017 when it served responses to discovery requests. See Def. Mot. at 10 (Dkt. 49). SDIA argues that, even though Tyler Wilson was not specifically identified as an expert, another witness from N1 Discovery, Scott Wrobel, was

identified as a retained expert in the discovery responses documents. As explained below, Wrobel was not clearly identified as a testifying expert in the discovery responses.[1]

In any case, SDIA failed to disclose either Wrobel or Tyler Wilson within the deadlines established by the Court. SDIA's expert witness list was due on September 8, 2017. See Scheduling Order (Dkt. 14). SDIA submitted an expert witness list on September 6, 2017, which only included a psychological expert and an economic expert; no computer or forensic expert was included. See SDIA Expert Witness List (Dkt. 20). The lay witness list included a generic category – "current and former employees and record custodians" for various entities including N1 Discovery – without listing names or placing an expert designation on them. See SDIA Lay and Expert Witness List (Dkt. 19). Considering that Tyler Wilson did not appear on any witness list, nor was anyone designated as a computer expert, the attempt to include him now surely registers as a surprise.

The next factor to consider is the ability to cure the surprise, which, in this case, is highly related to the third factor: disruption of trial. To cure the surprise here would require a delay of the trial. SDIA claims that Plaintiff would have plenty of time to depose the witness and thus any additional discovery would not disrupt the trial. But adding Tyler Wilson would entail more than scheduling a deposition. Sommers-Wilson would likely have to retain her own expert to prepare for Tyler Wilson's deposition. Sommers-Wilson's expert in turn would have to be deposed. There

---

[1] Scott Wrobel was identified as a "computer forensic expert and investigator," see Def. Resps. and Objs., Ex. 3 to Def. Mot., at 8 (Dkt. 49-4), not as an expert who would testify at trial. Further, the listing of a person as an expert in discovery responses is not a substitute for listing that person as an expert on the formal witness lists, and SDIA failed to identify Wrobel as an expert on either of the witness lists that it filed. Even if he had been listed as a testifying expert in the response to the document request in March 2017, the failure to list him or anyone else as a computer expert in the witness lists filed some six months later would reasonably lead to the conclusion that neither he nor anyone else would be called at trial as a computer expert.

may also be Daubert challenges that would then surface, consuming more time for such issues to be briefed, even though the Scheduling Order required such motions to be filed by October 6, 2017. It would be impossible to accomplish all of these new tasks without delaying the trial in this case. Thus, the surprise of a newly designated expert could not be cured without disrupting the trial.

The Court next considers the importance of the evidence. SDIA claims that the expert's testimony would bear on damages and the merits. On damages, the expert would testify about Sommers-Wilson's alleged misconduct in downloading confidential SDIA information, which SDIA says would preclude any claim for front-pay. On the merits, the expert would testify about non-discriminatory reasons why Sommers-Wilson was fired, including job-searching at work and inappropriate use of the Internet. In a vacuum, these issues would appear reasonably significant – a factor that would weigh in favor of SDIA.

But what is puzzling is why these supposedly important issues did not prompt SDIA to designate an expert regarding these issues much earlier in the case. SDIA knew of the alleged downloading of confidential information at least as early as October 6, 2017, because it mentions this alleged misconduct in its summary judgment motion. See Def. Mot. for Summ. J. at 19 n.5 (Dkt. 23). The alleged misuse of the Internet is not mentioned in that briefing, but there is no explanation offered in the instant motion as to why that has suddenly arisen as an issue; it clearly could have been discovered and raised years ago. The long delay undercuts the significance of such testimony.

The explanation for the delay is also a relevant consideration. See Smith v. Pfizer Inc., 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (granting in part motion to strike witness list because the plaintiff did "not offer any other legitimate justification for delaying the disclosure of these

4

witnesses"). All that SDIA offers is that it "was not sure N1 Discovery would testify at all." Def. Reply at 6 (Dkt. 55). But a party's failure to decide whether an expert should be called is hardly a justification for a delay; that logic would reward procrastination and sandbagging. SDIA also claims that the testimony is "essentially foundational." Id. But whether foundational or not, if it is testimony that qualifies under Federal Rules of Evidence 702, 703, or 705, designation of the witness as an expert witness is required. See F. R. Civ. P. 26(a)(2)(A).

Considering all appropriate factors, the Court concludes that the late designation of Tyler Wilson as an expert is neither substantially justified nor harmless.

### III. CONCLUSION

For these reasons, the Court denies SDIA's motion for leave of Court to amend witness lists to add a witness as an expert (Dkt. 49).

SO ORDERED.


Dated: October 16, 2018         s/Mark A. Goldsmith
        Detroit, Michigan       MARK A. GOLDSMITH
                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 16, 2018.

                                s/Karri Sandusky
                                Case Manager